UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

**Dale Alford,**

            **Plaintiff,**

           **-v-**          **5:12-CV-977 (NAM/CFH)**

**Carolyn W. Colvin, Acting Commissioner of Social Security,**

            **Defendant.**

✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

APPEARANCES:

Olinsky Law Group
Howard D. Olinsky, Esq., of counsel
300 S. State Street
Suite 420
Syracuse, New York 13202
Attorney for Plaintiff

Social Security Administration
Vernon Norwood, Esq., of counsel
Office of Regional General Counsel
Region II
26 Federal Plaza - Room 3904
New York, New York 10278
Attorney for Defendant

**Hon. Norman A. Mordue, Senior U.S. District Judge:**

### MEMORANDUM-DECISION AND ORDER

Plaintiff brought this action under 42 U.S.C. § 405(g) to review the denial by the

Commissioner of Social Security ("Commissioner") of his application for Disability Insurance

Benefits and Supplemental Security Income under the Social Security Act. After the

Commissioner denied plaintiff's initial application, plaintiff requested a hearing before an

administrative law judge ("ALJ"). On August 26, 2010, after a hearing at which plaintiff,

represented by counsel, appeared and testified, the ALJ found that plaintiff retained the residual functional capacity to perform work which existed in significant numbers in the national economy and thus was not disabled. The Appeals Council denied plaintiff's request for review in March 2012; therefore, the ALJ's decision became the Commissioner's final decision. Plaintiff sought judicial review and, upon referral pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(d), United States Magistrate Judge Christian F. Hummel issued a thorough Report-Recommendation and Order (Dkt. No. 18) upholding the Commissioner's determination that plaintiff was not disabled.

Plaintiff objects. This Court reviews *de novo* those parts of the Report-Recommendation and Order to which plaintiff specifically objects. 28 U.S.C. § 636(b)(1)(C).

First, plaintiff challenges Magistrate Judge Hummel's view that the ALJ properly evaluated the opinion of Dr. Sandra Boehlert, a consultative physician, with respect to plaintiff's residual functional capacity. In particular, plaintiff argues that the ALJ erred in finding that the ALJ's limitation to sedentary work adequately accounted for Dr. Boehlert's recommendation against heavy exertion of the right hand. The ALJ adequately considered Dr. Boehlert's opinion.

Next, plaintiff argues that this Court should reject Magistrate Judge Hummel's recommendation that the ALJ's credibility determination was supported by substantial evidence. "[W]henever the individual's statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the [ALJ] must make a finding on the credibility of the individual's statements based on a consideration of the entire case record." SSR 96–7, 1996 WL 374186, at *2. Plaintiff contends that in making his credibility determination, "the ALJ failed to discuss much of Plaintiff's testimony regarding his

daily activities [and] improperly selectively chose to discuss evidence in the record that supported his conclusion." For example, according to plaintiff, the ALJ failed to note that plaintiff testified that leg cramps and dizziness require him to frequently take breaks and rest while completing chores" and that plaintiff "reported that he had difficultly dressing, due to problems fastening buttons." Magistrate Judge Hummel thoroughly discussed the ALJ's credibility findings regarding plaintiff's leg cramps and other symptoms, and concluded that the ALJ's conclusions were proper and supported by substantial evidence. The Court agrees and accepts Magistrate Judge Hummel's recommendation in this regard.

Finally, plaintiff claims that the ALJ erred in relying solely on the Medical Vocational Guidelines and instead should have utilized a vocational expert to address the effect of plaintiff's Crohn's disease on his vocational abilities. As Magistrate Judge Hummel observed, however, plaintiff's Crohn's disease "was documented to have been well controlled, despite his testimony indicating otherwise." The Court agrees with Magistrate Judge Hummel that, while plaintiff's Crohn's disease was a consideration which the ALJ included in the residual functional capacity evaluation, "further testimony was not required because the impairment did not significantly diminish Alford's abilities to the point where a vocational expert was required."

The Court concludes that substantial evidence demonstrates that plaintiff retained the residual functional capacity perform work which existed in significant numbers in the national economy and, thus, he was not disabled within the meaning of the Social Security Act. The Commissioner applied the correct legal standards, and the decision is supported by substantial evidence.

It is therefore

-3-

ORDERED that United States Magistrate Judge David R. Hummel's Report-Recommendation and Order (Dkt. No. 18) is accepted; and it is further

ORDERED that the decision of the Commissioner of Social Security is affirmed.

IT IS SO ORDERED.

Dated: December 27, 2013
       Syracuse, New York

*Norman A. Mordue*
Senior U.S. District Judge